## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

REVOLAR TECHNOLOGY INC.

    Plaintiff,

v.

UBER TECHNOLOGIES, INC.,

    Defendant.

Case No.

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Revolar Technology, Inc. ("'Plaintiff'" or "'Revolar'"), for its Complaint with Jury Demand for patent infringement, misappropriation of trade secrets, and unjust enrichment against Defendant Uber Technologies, Inc. ("'Defendant'" or "'Uber'"), alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

## PARTIES

1.    Revolar is a corporation existing under the laws of Colorado with its principal place of business at 201 Milwaukee Street, Suite 200, Denver, Colorado 80206.

2.    On information and belief, Defendant is a corporation organized under the laws of the State of Delaware.  It can be served with the process by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3.    This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 271, 281, and 284-85.

4.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pendant jurisdiction over the other claims for relief asserted herein.

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Upon information and belief, Defendant has transacted business in this district and has committed, by itself or in concert with others, acts of patent infringement and trade secret misappropriation in this district. In addition, Defendant maintains numerous regular and established places of business in this district by providing its ride-sharing service in this district in, for example, Tyler, Texas. In addition, Defendant maintains a regular and established place of business in this district located at: Plano Greenlight Hub, 2301 N. Central Expressway, Suite 145, Plano, Texas 75075.

6.     Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements and misappropriations alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## THE TECHNOLOGY

7.     The patent-in-suit, U.S. Patent No. 7,486,194 ("'the '194 Patent'"), titled "'Personal Alarm System for Obtaining Assistance From Remote Recipients,'" teaches methods for transmitting signals to a recipient such as signal monitoring center or rescue or other emergency authorities from a remote communication device.  *See* Exhibit A, attached hereto and incorporated by reference in its entirety.  Specifically, the invention addresses the need to activate the interface module in the case of an emergency, thereby causing the communication device to transmit a signal to the recipient.  The "'alarm system'" of '194 Patent comprises a communication device

(such as a cell phone), a triggering key (preferably designed to be easily carried by or attached to a user), and an interface module (which may be combined with the triggering key).

8.      Revolar executed a mutual nondisclosure agreement with a third-party company RapidSOS, Inc. (RapidSOS'") in August 2017 relating to the development of an application employing the patented features of the '194 Patent as well as unpatented features employing technology protected as Revolar's trade secrets.  See Exhibit B, RapidSOS Mutual Nondisclosure Agreement, attached hereto and incorporated by reference in its entirety.

9.      In November 2017, Revolar and RapidSOS executed a second mutual nondisclosure agreement (see Exhibit C, attached hereto and incorporated by reference in its entirety), as well as a Master Service Agreement ("'MSA'").  The MSA relates generally to Revolar's personal security wearable devices and the application/system that operates the device (unless stated otherwise, collectively referred to herein as the wearable deice), when triggered, send an emergency alert message with location information to emergency contacts.

10.     Under the MSA, Revolar was to provide access and confidential dedicated resources to support integration of the RapidSOS Proprietary Technology into its relevant products and mobile application solutions.  The MSA makes clear that the parties will exchange trade secret information and that the parties agree that all confidential information shall be held in confidence by each party.

11.     On or about the end of 2017 to the beginning of 2018, RapidSOS informed Revolar that RapidSOS was terminating its relationship with Revolar because RapidSOS had recently formed a new business relationship pertaining to the same emergency management system services with "'a very large client.'"  RapidSOS subsequently ceased all substantive communications with Revolar.

12.     On or about April 2018, Defendant announced that it is "'teaming up with RapidSOS to pilot 911 integration with local emergency authorities, starting in Denver.  If a rider uses Uber's emergency button in one of our pilot cities, their location and trip details will be automatically sent to the 911 dispatcher.'"  See Exhibit D, Uber Public Announcement, attached hereto and incorporated by reference in its entirety.

13.     Upon information and belief, Defendant and RapidSOS formed a business relationship in which RapidSOS may have misappropriated Revolar's trade secret information by transferring Revolar's trade secrets to Uber during the development of Uber's 911 integration pilot program.   The details of the trade secrets taken and supplied to Uber cannot here be disclosed and discovery will be required to identify the complete nature and scope of Revolar's potentially stolen trade secret and confidential information.   Should such facts be developed, Revolar currently expects to seek to amend its claims to include ones associated with the discovered trade secret issues.

## CLAIM FOR RELIEF
### (Patent Infringement of U.S. Patent No. 7,486,194)

14.     Revolar incorporates the foregoing paragraphs as if fully set forth herein.

15.     On February 3, 2009, the '194 Patent was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "'Personal Alarm System for Obtaining Assistance from Remote Recipients.'"

16.     Revolar is the owner of the '194 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '194 Patent against infringers, and to collect damages for all relevant times.

17.     Defendant made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale apps that include the infringing features ("'accused products'"). The accused products include apps that can be used on a variety of remote computing devices and gather and transmit location-specific information.  Defendant's accused products include, for example, its Uber 911 assistance functionality.  If a rider uses Uber's emergency button, their location and trip details are automatically sent to the 911 dispatcher.

18.     By doing so, Defendant has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 32 of the '194 Patent.  A detailed description of each claim element and each corresponding infringing functionality of the accused product is attached hereto as Exhibit E, which is incorporated by reference in its entirety.  Defendant's infringement in this regard is ongoing and not limited to the representative claim included in the chart.

19.     Uber has infringed the '194 Patent by making, having made, using, importing, providing, supplying, distributing, selling or offering for sale systems utilizing a method for managing data.

20.     Revolar has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Revolar in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21.     Defendant must have known about Revolar and its patent rights through, at a minimum, its business dealings with RapidSOS, making its acts of infringement willful, deliberate, and in reckless disregard of Revolar's patent rights, and will continue unless permanently enjoined by this Court.

### ADDITIONAL ALLEGATIONS REGARDING DIRECT INFRINGEMENT

22.    Defendant has also directly infringed the '194 Patent by exercising direction or control over the use of the accused products by its customers.  When Defendant's customers download and use the accused products, Defendant is putting the accused products into service and conditions the benefit received by each customer from using the accused products (which utilize the methods taught by the '194 Patent), such benefit including improved data management across a variety of devices, only if the accused products are used in the manner prescribed by Defendant. Use of the accused products in such manner infringes the '194 Patent.

### ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT

23.    Defendant has also indirectly infringed the '194 Patent by inducing others to directly infringe the '194 Patent.  Defendant has induced the end-users, Defendant's customers, to directly infringe (literally and/or under the doctrine of equivalents) the '194 Patent by using the accused products.  Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the patents-in-suit, including, for example, Claim 32 of the '194 Patent. Such steps by Defendant included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the '194 Patent and with the knowledge that the induced acts constitute infringement.  Defendant is aware that the normal and customary use of the accused products by Defendant's customers would infringe the '194 Patent. Defendant's inducement is ongoing.

24.     Defendant has also indirectly infringed by contributing to the infringement of the '194 Patent.  Defendant has contributed to the direct infringement of the '194 Patent by the end-user of the accused products.  The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the '194 Patent, including, for example, Claim 32 of the '194 Patent.  The special features include improved data management across a variety of devices in a manner that infringes the '194 Patent. The special features constitute a material part of the invention of one or more of the claims of the '194 Patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

25.     Defendant has knowledge of the '194 Patent at least as of the date when it was notified of the filing of this action.

26.     Furthermore, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Revolar's patent rights, despite its relationship with a former Revolar business partner, RapidSOS, who absolutely knew of Revolar's patent rights.

27.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

28.     Defendant's direct and indirect infringement of the '194 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Revolar's rights under the patent.

29.     Revolar has been damaged as a result of the infringing conduct by defendant alleged above.  Thus, Defendant is liable to Revolar in an amount that adequately compensates it

for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

Revolar requests that the Court find in its favor and against Defendant, and that the Court grant Revolar the following relief:

A.      Judgment that one or more claims of the '194 Patent has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B.      A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '194 Patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the '194 Patent by such entities;

C.      Judgment that Defendant accounts for and pays to Revolar all damages to and costs incurred by Revolar because of Defendant's infringing activities and other conduct complained of herein, including an award of all increased damages to which Revolar is entitled under 35 U.S.C. § 284;

D.      That this Court declare this an exceptional case and award Revolar its reasonable; and attorney's fees and costs in accordance with 35 U.S.C. § 285;

E.      Pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringing activities and other conduct complained of herein; and

F.      Such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Revolar hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil

Procedure.

Dated:  July 27, 2018          By:

Michael C. Smith
State Bar No. 18650410
Siebman, Forrest, Burg & Smith, LLP
Attorney-in-Charge
113 East Austin
Marshall, Texas  75670
Telephone:      903-938-8900
E-Mail:   michaelsmith@siebman.com

Of Counsel (*applications pro hac vice forthcoming*)
*Robert R. Brunelli (pending pro hac admission)*
rbrunelli@sheridanross.com
*John C. Heuton (pending pro hac admission)*
jheuton@sheridanross.com
*Kendria E. Pearson (pending pro hac admission)*
kpearson@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Telephone:      303-863-9700
Facsimile:       303-863-0223
E-mail:          litigation@sheridanross.com

ATTORNEYS FOR PLAINTIFF